UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMELIA A. PABALATE,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONSTAR MORTGAGE LLC, et al.,<br><br>    Defendants. | Case No. 17-cv-01736-MEJ<br><br>**ORDER RE: MOTION TO DISMISS**<br><br>Re: Dkt. No. 6 |

## INTRODUCTION

Pending before the Court is Defendants'[1] Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Mot., Dkt. No. 6. Plaintiff Amelia Pabalate filed an Opposition (Dkt. No. 17)[2] and Defendants filed a Reply (Dkt. No. 18). The Court previously vacated the May 25, 2017 hearing on the Motion (*see* Dkt. Nos. 14, 15), and finds the matter may be decided without oral argument. *See* Civ. L.R. 7-1(b). Having considered the parties' positions, the relevant legal authority, and the record in this case, the Court **GRANTS** Defendants' Motion for the following reasons.

---

[1] Defendants are Nationstar Mortgage LLC ("Nationstar") and U.S. Bank National Association as Trustee ("U.S. Bank").

[2] Plaintiff did not file an Opposition until the Court issued an order to show cause why the case should not be dismissed for failure to prosecute. *See* OSC, Dkt. No. 14. Plaintiff's counsel explained she had failed to timely file her opposition because she was following the local rules of the Central District and was unaware of this Court's local rules. *See* Resp., Dkt. No. 15. The Court discharged the OSC and ordered Plaintiff's counsel to become familiar with the applicable Northern District of California Local Rules as well as the Court's Standing Orders. Dkt. No. 16. Plaintiff's counsel has failed to do so. Her Opposition does not comply with Civil Local Rule 7-4(2); nor did she submit chambers' copies of her Opposition in conformance with the Undersigned's Civil Standing Order and Civil Local Rule 5-1(e)(7). Counsel also failed to comply with Federal Rule of Civil Procedure 11(a), as the Opposition is not signed; in fact, the Opposition is incomplete: it stops in mid-sentence and omits a signature page. *See* Opp'n at 14.

**BACKGROUND**

Plaintiff alleges she owns real property located in South San Francisco, California (the "Property"). *See* Compl. at 2, Dkt. No. 1-1. Plaintiff executed a promissory note on August 4, 2006 in favor of Aegis Wholesale Corporation in the amount of $749,950 (the "Note"). *Id*. at 4. The Note was secured by a Deed of Trust ("DOT") on the Property. *Id*. Plaintiff alleges unknown entities were involved in an attempt to securitize her loan, but because they failed to follow "various agreements and established laws" Plaintiff's loan was not assigned. *Id*. at 5. In 2011, Plaintiff fell behind on her mortgage payments and initiated loan modifications with her mortgage servicer, Bank of America. *Id*. at 6. The modification agreement was executed on November 16, 2011 and stated the lender was Bank of America; the loan modification was not recorded until March 12, 2013. *Id*. Plaintiff again fell behind on her mortgage payments and initiated loan modification negotiations once more. *Id*. Plaintiff's mortgage had been transferred from Bank of America to Nationstar. *Id*. Nationstar denied Plaintiff's request for a loan modification. *Id*. Although Aegis failed to assign or transfer the Note to U.S. Bank, U.S. Bank nonetheless attempted to collect on the Note and enforce the DOT "with the knowledge that they have no legal right to do so." *Id*. at 4-5, 7.

Based on these allegations, Plaintiff filed suit in Superior Court of San Mateo County, asserting claims for declaratory relief, negligence, quasi contract, breach of contract, breach of the implied covenant of good faith and fair dealing, violation of the California Homeowner's Bill of Rights, Cal. Civ. Code §§ 2924.17, 2924(a)(6) ("HBOR"); California Civil Code § 2934(a)(1)(A); and California's Unfair Competition Law ("UCL"), Cal. Bus. & Profs. Code § 17200 et seq. *See* Compl.

Defendants removed the action to this Court based on diversity jurisdiction. *See* Not. of Removal, Dkt. No. 1. They now move to dismiss the action, with prejudice, because Plaintiff lacks standing to pursue her securitization claims (first through third, and sixth through eighth claims), and because she fails to state a basis for any of her claims. *See* Mot. In her Opposition, Plaintiff argues she has sufficiently stated claims for declaratory relief, negligence, HBOR, breach of contract, breach of the implied covenant of good faith and fair dealing, and the UCL. She does

not argue she has pleaded a claim for quasi contract or under Section 2934(a)(1)(A).

**LEGAL STANDARD**

Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citation omitted).

A court may dismiss a complaint under Rule 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Id.* at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). In addition, courts may consider documents attached to the complaint. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted).

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotations and citations omitted). However, the Court may deny leave to amend for a number of reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice

3

1 to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."

2 *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v.*

3 *Davis*, 371 U.S. 178, 182 (1962)).

## DISCUSSION

**A.     Request for Judicial Notice**

The Court may take judicial notice of "fact[s] that [are] not subject to reasonable dispute because [they are] generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(d). Defendants ask the Court to take judicial notice of seven documents: the Note (Request for Judicial Notice ("RJN"), Ex. 1, Dkt. No. 7), the DOT Executed by Plaintiff (RJN, Ex. 2), Assignment of the DOT (RJN, Ex. 3), the Corporate Assignment of DOT (RJN Ex. 4), the Substitution of Trustee (RJN, Ex. 5), the Notice of Default (RJN Ex. 6), and the Notice of the Trustee's Sale (RJN, Ex. 7). Except for the Note, each of these exhibits is a true and correct copy of documents recorded in the Official Records of San Mateo County. *See* RJN at 1-2. Exhibits 2-7 are judicially noticeable because they are matters of public record and because their accuracy can be readily determined by resorting to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001) ("A court may take judicial notice of matters of public record . . . But a court may not take judicial notice of a fact that is subject to reasonable dispute."); *see also Rees v. PNC Bank, N.A.*, 308 F.R.D. 266, 271 (N.D. Cal. 2015) (taking judicial notice of recorded deed of trust, recorded assignments of deed of trust, recorded notice of default, and recorded notice of trustee's sale); *Almutarreb v. Nationstar Mortg. Holdings*, 2016 WL 3384067, at *2 (N.D. Cal. June 20, 2016) ("[P]ublicly-recorded real estate instruments and notices, including deeds of trust and default and foreclosure notices, are the proper subject of judicial notice, unless their authenticity is subject to reasonable dispute.").

Plaintiff does not object to the RJN, and does not dispute the authenticity of these public records; indeed, she attached copies of several of these same documents to the Complaint, including the Note, which Defendants attach as Exhibit 1 to their RJN. *See* Compl., Ex. A (DOT), Ex. D (the Note), Ex. E (Assignment of the DOT), Ex. F (Corporate Assignment of DOT), Ex. G

4

(Substitution of Trustee). The Court accordingly takes judicial notice of the existence of RJN Exhibits 1-5, but not of the truth of their contents. As the Court does not rely on Exhibits 6-7, it denies Defendants' request as to those two exhibits as moot.

In addition, the Court may rely upon the exhibits Plaintiff has attached to the Complaint, including the DOT, the Note, the Assignments, and the Substitution of Trustee. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)); *Parks Sch. of Bus.*, 51 F.3d at 1484.

**B. Analysis**

    1. Standing

        *a. Plaintiff's Allegations of Fraud*

Many of Plaintiff's claims are premised on the theory that Defendants do not have a valid security interest under the DOT and therefore cannot collect payments from her, declare a default, or otherwise enforce the DOT.[3] *See* Compl.; *see also* Opp'n at 2-3. Plaintiff contends that the original holder of the Note, Aegis, failed to properly assign the Note to U.S. Bank. Compl. at 4-5. Specifically, she alleges the Loan was not effectively assigned to the 2007-OA2 Trust because the Note was not properly assigned before the closing date of the "Trust Agreement (a.k.a. the [PSA])" and thus was not part of the Trust res. *Id*. at 5, 7. She further alleges U.S. Bank failed to deposit specific documents in violation of Section 2.01 of the PSA. *Id*. at 7-8. Plaintiff next alleges Defendants would need to have fabricated an Assignment of Note to show one was purportedly executed before the Closing Date of the Trust, and she alleges no such document was

---

[3] Plaintiff bases her declaratory relief claim on her contention Defendants do not have any interest in the Property because the assignments of her Loan to U.S. Bank and to the 2007-OA2 Trust were invalid. Compl. at 14. Her negligence claim is premised on Defendants' attempt to enforce the Note and DOT when they have no right to enforce the obligation (*id*. at 14-15) and their failure to follow guidelines established by the Pooling and Servicing Agreement ("PSA") that created the 2007-OA2 Trust (*id*.). Her quasi contract claim is based on Defendants' retention of payments knowing they had no interest in her Note and no legal authority to collect payments. *Id*. at 16. Her Civil Code § 2934(a)(1)(A) claim is based on the theory that the assignment/ securitization is invalid because the Note was transferred to U.S. Bank prior to the closing date of the securitized trust, and thus U.S. Bank could not legally be the beneficiary or the holder of the Note. Compl. at 21-22. Plaintiff's UCL claim is premised on a variety of conduct, including executing and recording documents without the legal authority to do so, demanding and accepting payments for debts that were non-existent, acting as a beneficiary without the legal authority to do so, etc. *Id*. at 22-23.

recorded in the San Mateo County Recorder's Office. *Id.* at 8. She "contends" the Assignment (*id.*, Ex. E; RJN, Ex. 3) is "fraud on its face" and adamantly disputes its contents; the document shows Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Aegis, assigned all interest under the DOT to U.S. Bank, as Trustee for the 2007-OA2 Trust on August 20, 2012. Compl. at 8-9. She also contends the Corporate Assignment assigning all interest in and under the DOT to Defendant U.S. Bank is "fraud on its face" and adamantly disputes its contents. *Id*. She argues a note and deed of trust are inseparable, and the fact no assignments of the Note exist "calls into question [its] validity." *Id*. at 10 (citing *Henley v. Hotaling*, 41 Cal. 22, 28 (1871) (additional citations omitted)).

Plaintiff generally asserts, on information and belief, that the recorded documents are fraudulent based on a title report and analysis of the Property's county records; communications with Nationstar and previous mortgage servicers; "counsel's research, experience, and extensive review of depositions, case law, amicus briefs, correspondence, news articles, reports, complaints by Attorney Generals from various states, and publicly available securitization documents and practices;" and U.S. Bank's PSA. *See* Compl. at 8. Plaintiff does not identify the facts that she obtained from these sources of information, either in her Complaint or in her Opposition.

### b. *Validity of Assignments*

The DOT, which Plaintiff executed in front of a California Notary, explicitly provides that the Note or partial interest therein "can be sold one or more times without prior notice" to the borrower, Plaintiff. DOT ¶ 20. MERS was the beneficiary of the DOT. *Id*. at Definitions (E). MERS assigned "all beneficial interest under" the DOT "described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said" DOT, to U.S. Bank as Trustee for the 2007-OA2 Trust on August 20, 2012. *See* Assignment of the DOT. That Assignment was recorded in San Mateo County on August 22, 2012. *Id*. On August 22, 2016, U.S. Bank as Trustee for the 2007-OA2 Trust, "by Nationstar Mortgage LLC, its attorney-in-fact" then assigned "all its interest under" the DOT to U.S. Bank National Association. *See* Corporate Assignment of Deed of Trust. That Corporate Assignment was recorded in San Mateo County on August 31, 2016. *Id*. On September

1  13, 2016, U.S. Bank National Association substituted Quality Loan Service Corporation as
2  "successor trustee under the deed of trust with all powers of the original trustee." *See* Substitution
3  of Trustee. That document was recorded in San Mateo County on September 23, 2016. *Id*. These
4  recorded assignments vested in each subsequent assignee all the rights and interests due the
5  original assignee. *See Strike v. Trans-West Discount Corp*., 92 Cal. App. 3d 735, 744 (1979) ("A
6  recorded assignment of note and deed of trust vests in the assignee all of the rights, interests of the
7  beneficiary [citation,] including authority to exercise any power of sale given the beneficiary.").

Plaintiff conclusorily alleges the documents recording these assignments are "fraud on [their] face[s]." Compl. at 8-10. With the exception of the timing of the transfer and the failure to file specific documents—securitization defects the Court addresses below—Plaintiff alleges no facts showing any of the transfers identified in the Complaint were not validly assigned. Plaintiff instead pleads her fraud assertions only on information and belief based on vaguely identified sources; she Plaintiff fails to plead facts establishing the fraud that she allegedly discovered through these sources. *See id*. On a motion to dismiss, the Court need not accept Plaintiff's conclusory allegations that the documents are fraudulent, invalid or unlawful. *See Ashcroft*, 556 U.S. at 678-79 (legal conclusions are not entitled to assumption of truth); *Twombly*, 550 U.S. at 556 (complaint must offer "more than labels and conclusions").

Additionally, Plaintiff fails to allege facts sufficient to show she has standing to contest the assignments because she alleges no facts showing she was prejudiced as a result of the assignments. *See Siliga v. Mortg. Elec. Registration Sys., Inc.*, 219 Cal. App. 4th 75, 85 (2013) ("Absent any prejudice, the [plaintiffs] have no standing to complain about any alleged lack of authority or defective assignment."). For instance, Plaintiff does not allege facts showing she has suffered financially as a result of the assignments. To the extent Plaintiff alleges she was damaged because her new lender refused to modify her loan or began the foreclosure process, this also fails to show prejudice: "The assignment of the deed of trust and the note did not change [Plaintiff's] obligations under the note, and there is no reason to believe that . . . the original lender would have refrained from foreclosure in these circumstances." *Siliga*, 219 Cal. App. 4th at 85. To the extent Plaintiff alleges she has been prejudiced because she has paid the wrong creditor or that her credit

has been damaged (Compl. at 8), she again alleges no plausible facts that this occurred. The "assignment[s] merely substituted one creditor for another, without changing her obligations under the note." *Herrera v. Fed. Nat'l Mortg. Ass'n*, 205 Cal. App. 4th 1495, 1507 (2012).

Because Plaintiff has failed to plead any facts showing the recorded transfers were not valid, lawful, or prejudicial, Plaintiff fails to plausibly allege the assignments were invalid.

        *c.*     *Securitization Defects*

California law is fatal to Plaintiff's arguments challenging the timing of the transfer of her Loan to the 2007-OA2 Trust and other securitization defects. "As an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, [Plaintiff] lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions." *Jenkins v. JPMorgan Chase Bank, N.A.*, 216 Cal. App. 4th 503, 515 (2013); *see also In re Davies*, 565 Fed. App'x 630, 633 (9th Cir. 2014) (the "weight of authority holds that debtors . . . who are not parties to the pooling and servicing agreements—cannot challenge them."); *Vasquez v. U.S. Bank, N.A.*, 2015 WL 5158538, at *3 (N.D. Cal. Sept. 2, 2015) ("Borrowers commonly attack a lender's standing to foreclose by challenging irregularities in the securitization process, such as transfers occurring after a loan pool's closing date. Such challenges are almost universally dismissed. Both state and federal courts . . . have consistently held that borrowers, as third parties to PSAs, lack standing to rely on defects in the securitization process in order to challenge a foreclosing entity's authority to foreclose.") (collecting cases)). Plaintiff does not allege she is a party to any of the securitized transactions at issue here, or allege that she is a party to any of the assignments of her mortgage loan; on the contrary, she alleges she did not discover any of the facts relating to the invalid assignments until "[a]fter years of negotiation attempts" and after she retained counsel. Compl. at 7. Courts also have rejected her argument that Defendants lack standing to enforce the DOT because "no assignment of the Note exists." *See McNeil v. Wells Fargo Bank, N.A.*, 2014 WL 2967629, at *3 (N.D. Cal. July 1, 2014) (acknowledging split of authority in California Courts of Appeal, and noting that "many judges in [the Northern] District . . . have joined with the majority view set forth in *Jenkins*" *v. JPMorgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 511 (2013)

(plaintiff lacked standing to bring preemptive action challenging defendants' standing to foreclose because her home loan was pooled with other loans in a securitized investment trust without compliance with PSA) (citing cases)); *Gieseke v. Bank of Am., N.A.*, 2014 WL 718463, at *3 (N.D. Cal. Feb. 23, 2014) (bank does not invalidate its ability to enforce DOT if loan is assigned to a trust pool).

Instead of addressing the California and Ninth Circuit authorities Defendants analyze in the Motion, Plaintiff discusses New York trust law, and contends the assignment was invalid absent "actual delivery" of the asset in question. *Compare* Mot. at 4-5 *with* Opp'n at 4-11 (citing *Brown v. Spohr*, 180 N.Y. 201, 209-10 (N.Y. 1904)). Plaintiff does not explain why New York law governs the PSA or the at-issue assignments (*see* Opp'n), and Defendants also do not understand why that law would govern (Reply at 2). In any event, she argues neither Defendants nor the Court are free to ignore the technical requirements of the PSA. Opp'n at 9. She disputes she is "challenging the securitization of her loan" and "reference[s] the securitization documents only to show that none of the Defendants to this lawsuit have standing to enforce her mortgage loan, are entitled to payments[,] or ha[ve] the right to foreclose on her property." Opp'n at 11.

Because Plaintiff is not a party to the PSA, she cannot challenge defects in the securitization process, including the purported lateness of the transfer of her loan to the Trust after the Closing Date of the Trust.[4] Plaintiff therefore lacks standing to rely on defects in the securitization process to challenge Defendants' authority to collect payments or commence foreclosure proceedings.

### d. Summary

To the extent Plaintiff's declaratory, negligence, quasi-contract, HBOR, Section 2934(a)(1)(A), and UCL claims are premised on invalid assignments to Defendants or defects in the securitization process, they are DISMISSED.

---

[4] The result is the same under New York law. *See, e.g.*, *Saterback v. JPMorgan Chase Bank, N.A.*, 245 Cal. App. 4th 808, 815 (2016) (untimely assignment of loan to a securitized trust after closing date of trust is merely voidable by beneficiary under New York law; as such, plaintiff lacks standing to challenge defects in assignment).

9

2. <u>Failure to State a Claim</u>

In addition to lacking standing to contest the assignments of the DOT and defects in the securitization of the Trust, Plaintiff also fails to plead facts sufficient to state other elements of each of her claims.

*a. Negligence*

To state a claim for negligence, a plaintiff must allege the following elements: (1) duty, (2) breach, (3) causation, and (4) damages. *Merrill v. Navegar, Inc.*, 26 Cal. 4th 465, 500 (2001). As a general rule, under California law, "a financial institution owes no duty of care to a borrower." *Nymark v. Heart Fed. Savs. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991) (financial institutions owe a duty of care to a borrowers only when its involvement in the loan transaction "exceed[s] the scope of its conventional role as mere lender of money."). While California courts are divided on this issue, this Court follows the reasoning of several others in the Northern District and finds that "a servicer, as any financial institution, owes no duty of care to a borrower in the provision of ordinary financial services such as loan modifications." *Garcia v. PNC Mortg.*, 2015 WL 5461563, at *3 (N.D. Cal. Sept. 16, 2015) (citing *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 67 (2013)); *see also Morton v. Wells Fargo Bank, N.A.*, 2016 WL 7117041, at *4-5 (N.D. Cal. Dec. 6, 2016) (discussing split of authority and citing cases).

Plaintiff alleges no facts showing Defendants' involvement as lender or servicer exceeded the traditional scope of those roles; instead, she conclusorily alleges that Defendants "formed an unconventional relationship with Plaintiff when they chose to take part in a new era of securitization of mortgage loans." Compl. at 14. Plaintiff cites no law supporting her argument that securitization transforms her relationship with Defendants into an unconventional one or, for that matter, what makes a relationship unconventional. *See* Opp'n at 6. She further alleges that Defendants failed to exercise reasonable care and skill in enforcing the Note and DOT when they did not have the right to enforce the obligation, caused Plaintiff to overpay in interest, failed to follow the guidelines established by the PSA requiring transfer of the Note and DOT into the Trust by the Closing Date, and failed to properly assign the Note to U.S. Bank. Taking these allegations as true for purposes of this Motion, they do not establish Defendants were negligent. Plaintiff

10

cites *Das v. PHH, N.A.*, 186 Cal. App. 4th 727, 741 (2010), for the proposition that "a bank may be liable in negligence if it fails to discharge its contractual duties with reasonable care." Opp'n at 6. *Das* does not help Plaintiff, as it "simply continues a line of cases finding that banks have a duty to act with reasonable care in [their] transactions with depositors." *Bernardi v. JPMorgan Chase Bank, N.A.*, 2012 WL 33894, at *4 (N.D. Cal. Jan. 6, 2012) (citing cases). Plaintiff does not allege she is a depositor, and cites no authority extending a similar duty to borrowers such as her. Accordingly, the Court DISMISSES her negligence claim.

### b. *Contract and Implied Covenant of Good Faith*

To plead a breach of contract claim under California law, Plaintiff must allege facts sufficient to show the existence of a contract, Plaintiff's performance (or excuse for nonperformance), Defendants' breach, and damages to Plaintiff resulting from the breach. *See Regan Roofing Co. v. Superior Court*, 24 Cal. App. 4th 425, 434-35 (1994). To plead a claim for breach of the covenant of good faith and fair dealing under California law, Plaintiff must allege facts showing "(1) the parties entered into a contract; (2) the plaintiff fulfilled his obligations under the contract; (3) any conditions precedent to the defendant's performance occurred; (4) the defendant unfairly interfered with the plaintiff's rights to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct." *Anderson v. U.S. Bank, N.A.*, 2014 WL 47087, at *2 (N.D. Cal. Jan. 6, 2014) (applying California law). In addition, Plaintiff must show that Defendants' conduct, whether or not it also constitutes a breach of a consensual contract term, demonstrates a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment, or negligence but rather by a conscious and deliberate act, which unfairly frustrates the agreed common purposes and disappoints Plaintiff's reasonable expectations thereby depriving Plaintiff of the benefits of the agreement. *Id.* (citation omitted).

Plaintiff explains she alleges these claims in the alternative, in the event the Court rejects her underlying theory that the assignments were invalid. Opp'n at 12. Even so, Plaintiff still does not state a claim for either breach of contract or breach of the implied covenant. She alleges no facts showing Defendants breached any contract. She alleges the DOT sets the dates that monthly principal and interest payments are due, when late fees and other charges could be assessed, and

11

the order in which payments are to be applied. Compl. at 17-18. She does not, however, allege facts showing how Defendants breached any of these provisions. *See id.*

Similarly, Plaintiff alleges Defendants made "it impossible for Plaintiff to carry out her obligations under the contract because of the improperly applied payments and addition of interest and improper fees for her account." *Id.* at 18-20. But Plaintiff again fails to allege facts showing how Defendants improperly applied payments, interest, and fees to her account. *See id.* She also does not plead facts showing she fulfilled her obligations under the contract(s); on the contrary, she alleges she fell behind on her payments. *See* Compl. at 6.[5]

Accordingly, the Court DISMISSES Plaintiff's claims for breach of contract and breach of the covenant of good faith and fair dealing.

   *c.*  *HBOR*

Plaintiff alleges Defendants "are in violation of numerous laws under [HBOR]"; however, the only fact she alleges in connection with this claim is that the "recorded NOS in the case at bar is not supported by competent or relevant evidence" in violation of California Civil Code § 2924.17. Compl. at 21; *see also id.* at 12 ("Defendants have recorded or caused to have recorded a NOD and other fraudulent documents that were signed by individuals who did not have authority to sign and/or had no personal knowledge of the contents of Plaintiff's mortgage loan account file.")

Section 2924.17 provides:

> (a) A declaration recorded pursuant to Section 2923.5 or, until January 1, 2018, pursuant to Section 2923.55, a notice of default, notice of sale, assignment of a deed of trust, or substitution of trustee recorded by or on behalf of a mortgage servicer in connection with a foreclosure subject to the requirements of Section 2924, or a declaration or affidavit filed in any court relative to a foreclosure proceeding shall be accurate and complete and supported by competent and reliable evidence.
>
> (b) Before recording or filing any of the documents described in subdivision (a), a mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's

---

[5] The Court also notes that the damage Plaintiff alleges she incurred as a result of these amorphous breaches seems to be tied to her invalid assignment theory and not to the breaches she alludes to in her contract claims. *See* Compl. at 18, 20.

12

default and the right to foreclose, including the borrower's loan status and loan information.

Cal. Civ. Code § 2924.17 (emphasis added). Plaintiff alleges the recorded Notice of Sale ("NOS") is not supported by competent evidence and that documents relating to her Loan were signed by individuals who did not have authority and/or lacked personal knowledge of the account; however, these conclusory allegations do not state a claim under Rule 8(a), *Iqbal*, or *Twombly*. *See Mills v. JPMorgan Chase Bank, N.A.*, 2016 WL 4595222, at *2 (E.D. Cal. Sept. 1, 2016) (citing cases). Plaintiff's HBOR claim under Section 2924.17 is DISMISSED.

### d. UCL

Plaintiff alleges Defendants have engaged in unfair, fraudulent, and unlawful practices in violation of the UCL. Specifically, she argues Defendants have falsely represented that U.S. Bank is Plaintiff's true creditor and have executed and recorded documents without proper assignment of Plaintiff's debt obligation in order to seize her property and to collect money they are not owed. Opp'n at 14. Having found Plaintiff failed to state facts sufficient to show the debt obligation was not assigned to Defendants, or that Defendants collected money they are not owed, the Court also finds Plaintiff has failed to state a claim under the UCL. *See Williams v. Wells Fargo Bank, NA*, 2013 WL 2047000, at *4 (C.D. Cal. May 13, 2013) ("Plaintiff's pleadings fail to allege any unlawful business practices that are not tied to his already-dismissed . . . claim, and so this [UCL] claim must be dismissed.").

Additionally, in order to have standing to bring a claim under the UCL, a plaintiff must have lost money or property as a result of the defendant's practices. *See Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 337 (2011). To allege injury in fact, Plaintiff must allege facts sufficient to plausibly "(1) establish a loss or deprivation of money sufficient to qualify as an injury in fact, i.e., economic injury, and (2) show that the economic injury was the result of, i.e., caused by, the unfair business practice . . . that is the gravamen of the claim." *Id*. Plaintiff's UCL claim also fails because she does not allege she lost money or property as a result of Defendants' actions. Instead, Plaintiff argues that she has "incurred significant expenses in attempting to find out who her true creditor is, including consulting with an attorney to initiate this lawsuit" and that it "is clear that [she] will suffer damages as the result of Defendant[s' conduct.]" Opp'n at 14; *see also*

13

Compl. at 24 (the conduct has "caused and [is] still causing substantial harm to California consumers, including Plaintiff. . . . Plaintiff has been injured in that a cloud has been placed upon title to Plaintiff's Property"). These allegations do not show Plaintiff lost money or property as a result of Defendants' unlawful, unfair, or fraudulent practices. Her allegation that she "will suffer" damages is, at this point, merely speculative and vague; she has yet to suffer a concrete injury or otherwise show how a particularized injury is imminent. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016), *as revised* (May 24, 2016) ("To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." (internal quotation marks omitted)). The Court thus DISMISSES Plaintiff's UCL claim.

### *e.* *Unopposed Claims*

Plaintiff does not oppose Defendants' Motion to Dismiss her claims for quasi contract or under Section 2934(a)(1)(A). *See* Opp'n. Where a party fails to address a particular claim in opposing a motion to dismiss that claim, courts generally dismiss that claim with prejudice. *See Moore v. Apple, Inc.*, 73 F. Supp. 3d 1191, 1205 (N.D. Cal. 2014) (citations omitted). Based on Plaintiff's non-opposition, the Court DISMISSES Plaintiff's quasi contract and Section 2934(a)(1)(A) claims.

### *f.* *Declaratory Relief*

"A claim for declaratory relief rises or falls with the other claims. . . . Because Plaintiff has not alleged any causes of action that would support declaratory relief," this claim must also be DISMISSED. *Kenery v. Wells Fargo, N.A.*, 2014 WL 129262, at *5 (N.D. Cal. Jan. 14, 2014) (internal quotation marks, citations, and alterations omitted).

## CONCLUSION

The Court GRANTS Defendants' Motion to Dismiss. Plaintiff's quasi-contract claim and her Section 2934(a)(1)(A) claim are DISMISSED WITH PREJUDICE. The remaining claims are DISMISSED WITH LEAVE TO AMEND. If Plaintiff can remedy the deficiencies identified in this Order consistent with her obligations under Federal Rule of Civil Procedure 11, she may file an amended complaint by June 27, 2017.

In addition, Plaintiff's counsel is ordered once more to review all applicable Federal Rules of Civil Procedure, Local Rules, and Standing Orders that govern her practice in this Court, and to scrupulously adhere to them. No later than June 13, 2017, counsel shall file a declaration signed under penalty of perjury that she has reviewed the aforementioned rules and orders. Any further failures to abide by the applicable rules, this Order, or this Court's Standing Orders will be cause for sanctions.

**IT IS SO ORDERED.**

Dated: June 6, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge